The court afterwards delivered its judgment as follows:
It was contended that the defendant should not be allowed interest for the detention of his land, because he has been guilty of laches in not pursuing his claim earlier. To this the cour,t answered, that, having brought his suit within the. time allowed to minors, he was not guilty of laches. The 2d objection is, that the defendant should not he allowed the sum for which his land sold, with interest thereon; but that he should .be referred to the court of law to ascertain his damages for the.detentioi’i and use of his land. To-this objection (made by a creditor) the court answered, that there was no necessity nor propriety in driving Mr. Benj. Huger, the son, to his action at law for rents and profits, or damages. His father had given a mortgage of Richmond to indemnify complainants’ testator, in case their title was ever ques'*-tioned by his son. The son has-claimed his inheritance, and the complainants have filed their bill to foreclose the mortgage to indemnify themselves. Tho defendant was •willing to accept, out of the sales of the Richmond plantation, repayment of what his land at the Horse Shoe had been actually sold for by his father, with compensation for the use of the land, and then to make good titles to-' *365 complainants for the Horse Shoe land. This is a fair and reasonable arrangement. Creditors cannot interfere to prevent its completion. The creditors could stand on nó better ground than major Huger himself as to this land, and the court would have compelled him to pay his son the value of his land improperly sold. Under the bond of indemnity given in this case, with the mortgage of Richmond, the court can and will direct the allowance of legal interest, as the compensation for the use of th© ■land. The bond of indemnity ascertains the sum for which the land was sold by major Huger to Mr. Elliott; and this, with' the interest, is the true compensation. The executors of major Huger have obliged his son Benjamin to repay the money expended, out of his father’s estate, on bis education, with interest, because the estate of his father was insolvent: there is therefore no claim on him to yield any of his rights. Another objection is, that this court cannot assess damages. This is true — but it may allow interest as a compensation, if it be an adequate one.
The next point submitted ivas, that as major Huger lived seven years after the sale to C. Elliott, an allowance should be made for his tenancy by the curtesy; but the court saw7 no ground for this. Major Huger sold the laud for the full value, got ¿11 the money, and had the use of it during his whole life, which was the extent of his tenancy by curtesy. It Avas therefore decreed that the defendant should be paid out of the sales of the Richmond land 37141. being the amount of the sale of his Horse Shoe land, Avith interest from the death of major Huger, until paid. That Benjamin Huger, tho defendant, account for the rents of the Richmond place, or for so much as he used or cultivated. That Benjamin Huger the defendant, on being paid, as above directed, do make and execute good conveyances to complainants of the Horse Shoe land in fee simple. That the creditor Hamilton, who was let into this case (on his petition) do comply with th© decree out of the sales of the Richmond place, of which lie became the purchaser, or that the same be resold íbr the. purpose of raising the money for the defendant!,